THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:21-cr-00070-MR-18

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| NICHOLAS RAY MILLER, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's letter regarding post-conviction relief. [Doc. 917].

In his letter, the Defendant asks for information "on the new Federal laws that have passed on November 1st and what pertains to me and how do I file the motions on my behalf?" [Doc. 917 at 1]. The Defendant also requests a copy of his Presentence Report. [Id.]. In a post-script, the Defendant also requests the appointment of counsel. [Id.].

As a preliminary matter, the Defendant is advised that he must seek relief from the Court by way of a motion; in the future, letters and other miscellaneous documents will not receive a response and may be stricken. As for the Defendant's inquiry regarding "the new Federal laws," the Court construes this as a reference to the recent amendments to the Sentencing

Guidelines, which took effect on November 1, 2024. If the Defendant wishes to seek relief pursuant to a recent amendment to the Sentencing Guidelines or any other laws, he must do so by filing a motion setting out a specific claim for relief. The Court cannot provide the Defendant with legal advice regarding the substance of any such claim.

As for the Defendant's request for the appointment of counsel, the Defendant has no constitutional right to the appointment of counsel to file post-conviction motions. Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) (citing Coleman v. Thompson, 501 U.S. 722, 756-57 (1991)); Rouse v. Lee, 339 F.3d 238, 250 (4th Cir. 2003), cert. denied, 541 U.S. 905 (2004) (citing Pennsylvania v. Finley, 481 U.S. 551, 555-56 (1987) (no constitutional right to counsel beyond first appeal of right)). While the Court may, in some circumstances, appoint counsel to represent a prisoner when the interests of justice so require and the prisoner is financially unable to obtain representation, see 18 U.S.C. § 3006A(a)(2)(B), the Court concludes that the interests of justice do not require the appointment of counsel in this case. A determination of whether to appoint counsel is dependent in part on the nature of the matter before the Court. Since the Defendant has filed no

motion, there is nothing of substance pending before the Court.[1]  As such, the threshold for considering appointment of counsel has not been met.  See United States v. Riley, 21 F. App'x 139, 141-42 (4th Cir. 2001).  Accordingly, the Defendant's request for the appointment of counsel is denied.

Finally, the Defendant requests a copy of his Presentence Report [Doc. 594], presumably to assist him in filing a post-conviction motion.  [Doc. 917].  For cause shown, the Court will grant the motion.  The Defendant shall be permitted to review the Presentence Report in the presence of his Case Manager or another appropriate prison official as designated by the Warden, but the Defendant may not retain a copy of it.

**IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as a motion [Doc. 917], is **GRANTED IN PART** and **DENIED IN PART**.  Specifically, the Motion is **GRANTED** to the extent that the Clerk of Court is hereby authorized to provide a copy of the Defendant's Presentence Report [Doc. 525; as supplemented, Doc. 627], along with a copy of this Order, to the Warden of FCI Berlin.  The Defendant shall be permitted to review the Presentence Report in the presence of his Case Manager or another appropriate prison official as designated by the Warden,

---

[1] The Court recognizes the Defendant's filing as a request for a copy of his PSR.  That, however, is a purely administrative matter for which counsel is entirely unnecessary.

but the Defendant may not retain a copy of it. In all other respects, the Defendant's Motion is **DENIED**.

Signed: January 13, 2025

**IT IS SO ORDERED.**

Martin Reidinger
Chief United States District Judge